[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO CONFIRM APPRAISAL AWARD
On August 18, 1992, the residence of the plaintiffs, Helmut and Michelle Steiner, was extensively damaged by fire. The defendant, Middlesex Mutual Assurance Company, provided the insurance coverage under which the plaintiffs have submitted a claim for the damage. Pursuant to the insurance agreement, the plaintiffs and defendant submitted the loss for an appraisal.
On May 3, 1993, an initial appraisal award was rendered which included the following itemizations:
Building: Replacement Value $1,440,000.00 Building: Actual Cash Value $ 864,000.00 Loss: Replacement Value (Including Code Upgrades) $ 858,559.62 Loss: Actual Cash Value $ 600,000.00
The plaintiffs were subsequently paid $600,000 pursuant to the insurance policy. The appraisal was limited, however, in that it did not take into consideration any necessary code upgrades in undamaged areas.[1]
Following the issuance of the initial appraisal award, the parties were unable to agree upon the setting of values for code upgrades in the undamaged areas. As a result, on August 13, 1993, CT Page 1365-X the plaintiffs commenced the present declaratory judgment action against the defendant seeking a determination of whether the defendant is liable for the cost of code upgrades which would be incurred in repairing and rebuilding the premises, as well as additional living expenses incurred until such repairing and rebuilding is complete.
The parties subsequently agreed to submit the issue of the total value of code upgrades, including those in undamaged areas, for appraisal.[2] As a result, on September 14, 1995, a second appraisal was rendered which listed the actual cash value of the building, inclusive of all code upgrades, at $991,210.62.[3]
On September 15, 1995, the plaintiffs filed a motion to confirm the September 14, 1995 appraisal award (#111). General Statutes § 52-417 provides that:
 At any time within one year after an award has been rendered and the parties to the arbitration are notified thereof, any party to the arbitration may make application to the superior court . . . for an order confirming the award. The court or judge shall grant such an order confirming the award unless the award is vacated, modified or corrected as prescribed in sections 52-418 and 52-419.
The defendant filed an objection to the plaintiff's motion (#112) and subsequently filed a motion to vacate the appraisal award (#113) on the ground that it exceeded the scope of submission in that it determined what the actual cash value of the building would be subsequent to its replacement in accordance with code upgrades. Thus, the defendant requests that an order be issued vacating that portion of the September 14, 1995 appraisal award.
Although the defendant filed a motion to vacate the award; see General Statutes § 52-418; in light of the language in the request, the court believes that the defendant intended to file a motion to modify the award. General Statutes § 52-419 provides that:
 (a) Upon the application of any party to an arbitration, the superior court . . . shall make an order modifying or correcting the award if it finds any one of the following defects: . . . (2) if the arbitrators have awarded upon a matter not submitted to them unless it is a matter not affecting the merits of the decision upon the matters CT Page 1365-Y submitted. . . .
 (b) The order shall modify and correct the award, so as to effect the intent thereof and promote justice between the parties.
Both parties have essentially acknowledged that the purpose of the appraisal was only to establish figures regarding the amount of loss. In a August 17, 1995 letter to Attorney Rottner, Attorney Kolb stated that: "Any application of law, policy provisions, etc. is to be handled after the appraisers and the umpire have set the amount of loss." In a August 25, 1995 response, Attorney Rottner stated: "I agree that the policy specifically provides that the sole function of the appraisers is to separately determine the amount of loss. Further, I agree that any legal application of the loss determination by the appraisers to other policy provisions determining the amount of payment owed to the insured based on the amount of loss as determined by the appraisers can only be handled after the determination of the amount of loss with code upgrades is determined by the appraisers."
Having reviewed the record, this court is not of the opinion that the appraisers acted upon a matter outside the charge submitted to them. Accordingly, the September 14, 1995 Memorandum of Appraisal is confirmed to the extent that it provides a determination of respective cash and replacement cost values. This was seemingly the intent of the parties in submitting the matter to appraisal. In addition, the confirmation of such figures does not prejudice either party, but rather, should hasten the resolution of this matter.
STANLEY, J.